UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL C. TORNO and
JANET TORNO,

    Plaintiffs,

v.        Case No. 03-74091
        Hon. Victoria A. Roberts

2SI, LLC., AMW CUYUNA ENGINE CO., INC.,
ROGER ZERKLE d/b/a ZDE ENTERPRISES,
and R.E. PHELON COMPANY, INC.

    Defendants.
_____

**ORDER GRANTING IN PART, AND DENYING IN PART,
DEFENDANT ROGER ZERKLE d/b/a ZDE ENTERPRISES'
MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter is before the Court on Defendant Roger Zerkle d/b/a ZDE Enterprises' Motion for summary judgment. For the following reasons, the Court **GRANTS** in part, and **DENIES** in part, Defendant's Motion.

## II. BACKGROUND

This action arises out of injuries Plaintiff[1], Randall C. Torno, sustained when his homemade aircraft crashed. Defendant Roger Zerkle d/b/a ZDE Enterprises ("ZDE"), sold but did not manufacture the engine used in Plaintiff's aircraft. ZDE seeks summary

---

[1] Janet Torno is also a Plaintiff, but "Plaintiff" only refers to Randall Torno for purposes of this Motion.

1

judgment.

Plaintiff built his aircraft in 1999 and 2000.  He began flying it in May 2000 and logged 42.5 hours of flying time before storing it for the winter.  He resumed flying the aircraft in April of 2001.

On June 8, 2001, Plaintiff flew his aircraft out of Air Rahe airfield in Petersburg, Michigan.  Shortly after take-off, the aircraft experienced partial engine failure.  Plaintiff attempted to turn the aircraft around and land at the airfield.  Instead, he crashed in a field north of the runway.  Plaintiff suffered serious injuries.

Plaintiff contends that Defendant R.E. Phelon Company, Inc. ("Phelon"), negligently manufactured the ignition trigger incorporated in his engine.  Defendant 2SI manufactured the engine using the ignition trigger from Phelon.  ZDE is a distributor for 2SI.  ZDE sold Plaintiff the engine.

Plaintiff filed a Complaint on October 9, 2003.  An Amended Complaint was filed on February 18, 2004.  Against ZDE, Plaintiff alleges negligence; gross negligence; recklessness; breach of implied warranty; breach of express warranty; fraud and misrepresentation; and, violation of the Michigan Consumer Protection Act.

On March 17, 2006, ZDE filed a Motion for summary judgment.  Plaintiff agrees to entry of summary judgment on all claims except his claim for breach of implied warranty.

### III.   STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**IV.  APPLICABLE LAW AND ANALYSIS**

Under Michigan law, in order to establish a claim for breach of implied warranty against a non-manufacturer, the plaintiff must show: (1) the product was sold in a defective condition, even if the retailer's conduct is wholly free from negligence; and (2) the defect caused the plaintiff's injury. *Hollister v. Dayton Hudson Corp.*, 201 F.3d 731, 737 (6th Cir. 2000).

MCL 600.2947(6) does not address the elements of a claim for breach of implied warranty:

> (6) In a product liability action, a seller other than a manufacturer is not liable for harm allegedly caused by the product unless *either* of the following is true:
>
> (a) The seller failed to exercise reasonable care, *including breach of any implied warranty*, with respect to the product and that failure was a proximate cause of the person's injuries.
>
> (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.

MCL 600.2947(6)(emphasis added).  See also, *Siedlik v. The Stanley Works, Inc.*, 205 F.Supp.2d 762, 764 (E.D. Mich. 2002).

On the basis of the expert testimony submitted, Plaintiff creates a genuine issue of material fact that the engine was defective when he purchased it.  The engine allegedly incorporated a faulty ignition trigger that caused engine failure resulting in the crash. [Plaintiff's Exhibit 35 and 36].  It is undisputed that the crash caused Plaintiff's injuries.

Accordingly, summary judgment is inappropriate.

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** summary judgment on all of the claims Plaintiff agrees should be dismissed.  The Motion is **DENIED** with respect to the breach of warranty claim and trial will proceed on this issue.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

**Dated:  May 10, 2006**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 10, 2006.**

**S/Carol A. Pinegar**
**Deputy Clerk**