UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL C. TORNO and
JANET TORNO,

        Plaintiffs,

v.                                    Case No. 03-74091
                                    Hon. Sean F. Cox

R.E. PHELON COMPANY, INC.,
AMW CUYUNA ENGINE COMPANY, INC.,
and 2SI INTERNATIONAL,

        Defendants.
_____

## OPINION AND ORDER

**I.    INTRODUCTION**

This matter is before the Court on Plaintiffs' Renewed Motion for judgment as a matter of law regarding affirmative defenses of comparative fault and for new trial, pursuant to Fed.R.Civ.P. 50 and 59. For the following reasons, the Court **DENIES** Plaintiffs' Motion.

**II.    BACKGROUND**

This action arises out of injuries sustained by Plaintiff Randall Torno[1] when his aircraft crashed. The underlying facts are sufficiently set forth in Judge Victoria A. Roberts' Order granting in part, and denying in part, Defendant Phelon's Motion for summary judgment entered May 10, 2006 [Doc. 141].

Following a four week trial, on August 8, 2006, the jury found Defendant Phelon

_____

[1]For purposes of this memo, "Plaintiff" refers only to Randall Torno.

1

was not negligent and Defendant 2SI did not breach an implied warranty. [Doc. 241]. However, the jury apportioned fault on the special verdict form.  The jury found Plaintiff was 100% at fault.

On August 18, 2006, Plaintiffs filed a Renewed Motion for judgment as a matter of law.  Plaintiff originally moved for a directed verdict on August 3, 2006.

## III.   STANDARD OF REVIEW

"The inquiry for resolving a motion for judgment as a matter of law pursuant to Rule 50 is the same as the inquiry for resolving a motion for summary judgment pursuant to Rule 56."  *White v. Burlington Northern & Santa Fe R. Co.*, 364 F.3d 789, 794 (6th Cir. 2004)(citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).  "We review all of the evidence in the record in the light most favorable to the nonmoving party and determine whether there was a genuine issue of material fact for the jury."  *Id.*

## III.   APPLICABLE LAW AND ANALYSIS

Plaintiff argues he is entitled to judgment as a matter of law regarding the defense of comparative fault because Defendants failed to present sufficient evidence for a reasonable jury to find Plaintiff was negligent based on piloting error or lean fuel.[2]

Plaintiff's argument is unavailing.  Plaintiff contends he is entitled to a new trial because the jury was allowed to consider comparative negligence even though Defendants did not present sufficient evidence to support the defense.  The Plaintiff overlooks the fact that the jury first found that Defendants were not negligent, *i.e.*, the

---

[2]Plaintiff also seeks a new trial pursuant to Fed.R.Civ.P. 59, but does not offer any support to justify a new trial.

2

engine was not defective.  Because the jury found no liability on the part of the

Defendants, their determination that Plaintiff was 100% at fault is irrelevant.  It was

unnecessary for the jury to even reach the question of apportionment of fault.  As

Plaintiff concedes, "the jury went on to find that Defendants were not negligent in a way

that was a proximate cause of this crash..." [Renewed Motion, p.16].

If it was indeed error for the jury to consider the defense of comparative

negligence unnecessarily, it was harmless error.

> No error in either the admission or exclusion of evidence and no error or
> defect in any ruling or order or in anything done or omitted by the court or
> by any of the parties is ground for granting a new trial or for setting aside a
> verdict or for vacating, modifying, or otherwise disturbing a judgment or
> order, unless refusal to take such action appears to the court inconsistent
> with substantial justice.  The court at every stage of the proceeding must
> disregard any error or defect in the proceeding which does not affect the
> substantial rights of the parties.

Fed.R.Civ.P. 61.  As Plaintiff notes in his Reply, "[t]rials should not be overturned due to

harmless error." [Reply, p. 3 (citing *McDonough Power Equipment v. Greenwood*, 464

U.S. 548 (1984))].

In this case, the jury found Defendant Phelon was not negligent and Defendant

2SI did not breach an implied warranty.   Because the jury was not required to consider

comparative negligence in the first place, any unnecessary apportionment of fault, if

error at all, is harmless error.  Plaintiff does not challenge the adequacy of the jury

instructions, or allege that the jurors did not comprehend them.  Altering the judgment to

preclude the comparative fault determination would not affect the outcome.

Accordingly, the judgment stands.

3

## V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Renewed Motion for

judgment as a matter of law regarding affirmative defenses of comparative fault and for

new trial.

s/ Sean F. Cox
SEAN F. COX
DATED: September 20, 2006              UNITED STATES DISTRICT JUDGE

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing order was served upon counsel of record via the
Court's ECF System and/or U. S. Mail on September 20, 2006.

s/Jennifer Hernandez
Case Manager to
District Judge Sean F. Cox

4